**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-08076-004-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Lucille Jean Leonard, | |
| Defendant. | |

Defendant Lucille Leonard is in the custody of the Federal Bureau of Prisons ("BOP"). Pursuant to 18 U.S.C. § 3582(c), she moves for compassionate release due to the COVID-19 pandemic. Doc. 483. The Court will deny the motion.

**I.    Background.**

In November 2017, Defendant pled guilty to conspiring to engage in a pattern of racketeering in violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962. Docs. 132, 353. The Court sentenced her to ten years in prison on May 11, 2018. Doc. 430.

In February 2021, Defendant asked the warden at the federal correctional institution ("FCI") in Aliceville, Alabama – where she was housed at the time – for compassionate release. Doc. 483 at 15. The request was denied on April 12, 2021. *Id.* at 11. Defendant presently is housed at FCI Waseca, in Minnesota. *See* Federal BOP, *Find an inmate*,

1

1    https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Nov. 2,

2    2021).  Her projected release date is June 19, 2025.  *See id.*

3           Proceeding pro se, Defendant filed the present motion on May 24, 2021.  Doc. 483.

4    After reviewing the motion and Defendant's medical records, the Federal Public

5    Defender's Office filed a notice stating that the records "do[] not disclose any Tier 1

6    condition identified by the Centers for Disease Control as exposing her to a higher risk of

7    serious complications from a COVID-19 infection."  Doc. 486 at 3.  The government has

8    filed a response opposing Defendant's motion.  Doc. 487.  No reply has been filed.

9    **II.    Compassionate Release Under § 3582(c) and the First Step Act.**

10          Compassionate release is governed by § 3582(c).  *See United States v. Parker*, No.

11   2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United*

12   *States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)).  Section 3582(c) previously

13   provided for compassionate release only upon motion of the BOP.  *See id.*; *United States*

14   *v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz.

15   May 29, 2020).  On December 21, 2018, Congress enacted – and the President signed into

16   law – the First Step Act of 2018 ("FSA"), "with the intent of 'increasing the use and

17   transparency of compassionate release.'"  *Willis*, 382 F. Supp. 3d at 1187 (quoting Pub. L.

18   No. 115-391, 132 Stat. 5194, at 5239 (2018)).

19          The FSA amended § 3582(c) to permit motions for compassionate release by

20   defendants.  A defendant may bring such a motion 30 days after the warden receives the

21   defendant's administrative request for compassionate release.  *See* § 3582(c)(1)(A); *United*

22   *States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020)

23   (comparing § 3582(c)(1)(A) (2018) with § 3582(c)(1)(A) (2002)).

24          Specifically, the amended version of § 3582(c) provides:

25   The court may not modify a term of imprisonment once it has been imposed

26   except that –

27   (1) in any case –

28   (A) the court, upon motion of the Director of the [BOP], or upon motion of
     the defendant after the defendant has fully exhausted all administrative rights

2

to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C §] 3553(a) to the extent that they are applicable, if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).[1]

## III.   Defendant's Motion.

Defendant filed the present motion more than 30 days after she submitted her administrative request for compassionate release to the warden at FCI Aliceville.  The Court therefore has jurisdiction under § 3582(c)(1)(A).  *See* Doc. 487 at 6.

Defendant seeks compassionate release due to the COVID-19 pandemic, her age (51 years old), race (American Indian), hypothyroidism, and the conditions of confinement at FCI Aliceville.  Doc. 483.  The government argues that Defendant's motion should be denied because she has not shown extraordinary and compelling reasons, she is a danger to the community, and the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against early release.  Doc. 487 at 8-11.

### A.   Defendant Has Not Shown Extraordinary and Compelling Reasons.

Section 3582(c) does not define "extraordinary and compelling reasons" and there is no policy statement that applies to § 3582(c)(1)(A) motions filed by defendants.  *See United States v. Weems*, No. 2:12-CR-02065-SAB, 2021 WL 5044825, at *2 (E.D. Wash. Oct. 29, 2021).  The Sentencing Commission's policy statements in U.S.S.G § 1B1.13 – which apply to § 3582(c)(1)(A) motions filed by the BOP – "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021); *see United States v. Oshinski*,

---

[1] "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020).

No. 2:14-cr-00284-GMN-DJA, 2021 WL 2518981, at *1 (D. Nev. June 17, 2021) (same); *see also United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *5 (D. Ariz. June 8, 2020) ("While the current policy statement may not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i), it does provide helpful guidance."). The Sentencing Commission has identified four circumstances that may qualify for compassionate release under § 3582(c)(1)(A): serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons."   U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).

### 1.   Defendant's Medical Condition – Hyperthyroidism.

The following medical conditions can constitute extraordinary and compelling reasons justifying compassionate release:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)[.]
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

§ 1B1.13, application note 1(A).

Defendant asserts that she has hypothyroidism, but presents no medical records showing that the condition is serious or diminishes her ability to provide self-care while in prison.  *See* Doc. 483 at 5.  Nor does she describe what heightened risk she faces from COVID-19 due to the condition.  *See id.*

4

The Centers for Disease Control and Prevention ("CDC") does not list hypothyroidism as a risk factor for COVID-19.  *See* CDC, COVID-19, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 2, 2021).   According to the American Thyroid Association, "there is no indication that patients with autoimmune thyroid disease are at greater risk of getting COVID-19 or of being more severely affected should they acquire the COVID-19 infection."   American Thyroid Association, *Novel Coronavirus (COVID-19) and the Thyroid*, https://www.thyroid.org/covid-19/coronavirus-frequently-asked-questions/#hypothyroidism (last visited Nov. 2, 2021); *see also United States v. Numann*, No. 3:16-CR-00065-TMB, 2020 WL 1977117, at *3 & n.37 (D. Alaska Apr. 24, 2020) (explaining that "[t]here is no evidence that . . . hypothyroidism make[s] a person more susceptible to COVID-19") (citing American Thyroid Association, *Novel Coronavirus (COVID-19) and the Thyroid*); *United States v. Lemons*, --- F.4th ----, 2021 WL 469924915, at *3 (6th Cir. 2021) (same).

Defendant has not shown that her hypothyroidism, even when combined with her age and race (discussed further below), is an extraordinary and compelling reason for compassionate release.  *See United States v. Barksdale*, No. CR 08-186-03, 2021 WL 1018884, at *4 (E.D. Pa. Mar. 17, 2021) ("[W]ithout proof of the presence or severity of thyroid [disease], the Court concludes that pro se defendant's medical conditions do not present an extraordinary and compelling reason warranting compassionate release."); *United States v. Gustafson*, No. 2:15-CR-00073-1, 2020 WL 4877252, at *8 (W.D. Pa. Aug. 20, 2020) ("[I]n the Court's estimation, the evidence does not lead to the conclusion that the Defendant's hypothyroidism . . . rise[s] to the level of an 'extraordinary and compelling reason' for release."); *United States v. Moore*, No. 4:14-CR-00027-BRW, 2020 WL 4577165, at *1 (E.D. Ark. Aug. 6, 2020) (denying the defendant's motion because hypothyroidism is not an extraordinary and compelling reason warranting early release).

/ / /

/ / /

1           **2.      Defendant's Age – 51 Years.**

2           Compassionate release may be warranted where the defendant "(i) is at least 65

3    years old; (ii) is experiencing a serious deterioration in physical or mental health because

4    of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term

5    of imprisonment, whichever is less." U.S.S.G. § 1B1.13, application note 1(B).  Defendant

6    does not satisfy any of these conditions.  She 51 years old, does not claim that her physical

7    or mental health is seriously deteriorating because of the aging process, and has served

8    about five years of her ten-year sentence, which is not 75% of the term of imprisonment.

9    *See* Doc. 424 at 1 (noting that Defendant had served 568 days of presentence custody as of

10   her sentencing on May 11, 2018).

11          At 51 years old (*see* Doc. 424 at 3), Defendant is at an increased risk of serious

12   illness from COVID-19 relative to people in their 30s and 40s.  *See* CDC, *COVID-19 Risks*

13   *and Vaccine Information for Older Adults*, https://www.cdc.gov/aging/covid19/covid19-

14   older-adults.html (last visited Nov. 2, 2021).  But the CDC has recognized that "[p]eople

15   85 and older are the most likely to get very sick."  *Id.*  Because Defendant "does not fall

16   within – or even nearly approach – that age bracket, the Court cannot find that [she] merits

17   compassionate release on this basis."  *United States v. Johnson*, No. CR 02-310 (JDB),

18   2021 WL 3737681, at *6 (D.D.C. Aug. 24, 2021); *see United States v. Goodson*, No. 14-

19   20019, 2021 WL 289555, at *4 (E.D. Mich. Jan. 28, 2021) ("Goodson's age (51) and

20   hypertension do not provide extraordinary or compelling reasons for the defendant's

21   release."); *United States v. Cooper*, No. 16-CR-567-3 (JSR), 2021 WL 4710803, at *1

22   (S.D.N.Y. Oct. 8, 2021) ("[C]ompassionate release motions must be assessed on a case-

23   by-case basis, and Cooper's age (now 51 years) and medical conditions do not place him

24   within a high-risk category as identified by the CDC."); *United States v. Georgiou*, No. CR

25   09-088, 2021 WL 1122630, at *7 (E.D. Pa. Mar. 23, 2021) (denying compassionate release

26   even though "Defendant's age of fifty-one (51) places him at a slightly higher risk for

27   contracting severe illness from COVID-19").

28

6

3.    **Defendant's Race – American Indian.**

The CDC has found that some racial minority groups, including American Indians, "are disproportionately affected by COVID-19" due in part to "[l]ong-standing inequities in social determinants of health that affect these groups, such as poverty and healthcare access[.]"   CDC, COVID-19, *Introduction to COVID-19 Racial and Ethnic Health Disparities*, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/racial-ethnic-disparities/index.html (last visited Nov. 2, 2021); *see United States v. Oscar*, No. 6:19-CR-00021-AA, 2021 WL 864948, at *2 (D. Or. Mar. 8, 2021) (same).  But Defendant has access to healthcare as a BOP inmate.  *See* Doc. 487 at 9; *United States v. Rivas-Lopez*, No. 3:07-CR-151-CRS, 2021 WL 1950042, at *4 (W.D. Ky. May 14, 2021) (noting that race and ethnicity risk factors are "inapplicable in the prison setting, as there is no disparity in access to healthcare among the incarcerated population").  And because Defendant does not have "underlying medical conditions that put [her] at increased risk of severe illness or death from COVID-19," her race is not a sufficient basis on which to grant early release. *Oscar*, 2021 WL 864948, at *2; *see also United States v. Rocha-Ayon*, No. 2:17-CR-48, 2021 WL 1663558, at *3 (S.D. Ohio Apr. 28, 2021) ("The CDC has noted that some racial minority groups have been disproportionately affected by COVID-19 due to factors such as poverty, discrimination, lack of access to health care, type of employment, and housing. There is no indication that any of these factors would make defendant any more susceptible than non-minority inmates to COVID-19 in a federal institution.") (citation omitted); *United States v. Ruiz*, No. 19-CR-1285-GPC, 2021 WL 1085715, at *6 (S.D. Cal. Mar. 22, 2021) ("While courts have recognized that racial disparities in hospitalization and death rates due to COVID-19 are relevant in considering whether to grant motions for compassionate release, these disparities cannot constitute a basis for release on their own.") (citations omitted); *United States v. Maxwell*, No. CR 04-732-RSWL-1, 2021 WL 310970, at *4 (C.D. Cal. Jan. 28, 2021) ("Although it is true that the CDC has reported higher rates of hospitalization among some racial and ethnic minority groups, . . . the CDC has not indicated that those groups are inherently more susceptible to COVID-19.") (citation

omitted); *United States v. Rivas-Lopez*, No. 3:07-CR-151-CRS, 2021 WL 1950042, at *4 (W.D. Ky. May 14, 2021) (noting that race and ethnicity risk factors are "inapplicable in the prison setting, as there is no disparity in access to healthcare among the incarcerated population").

### 4.      Conditions of Confinement.

Defendant contends that the conditions of confinement at FCI Aliceville warrant compassionate release.  Doc. 483 at 4.  But as noted above, Defendant is now housed at FCI Waseca.  The BOP currently reports no active COVID-19 cases among inmates and staff at that facility.  Federal BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Nov. 2, 2021); *see also United States v. Baca*, No. 2:16-CR-00563-DN, 2021 WL 4440486, at *2 (D. Utah Sept. 28, 2021) (noting that there were "no confirmed cases of COVID-19 among inmates at F.C.I. Waseca"); *United States v. Moore*, No. 1:19-CR-00063-DCN, 2021 WL 2417722, at *3 (D. Idaho June 11, 2021) ("FCI Waseca currently has zero inmate . . . active cases.").  Defendant's confinement at FCI Waseca does not support a finding of extraordinary and compelling circumstances warranting early release.

### 5.      Defendant Has Received a COVID-19 Vaccine.

Defendant has received both doses of the Pfizer COVID-19 vaccine – the first on March 9, 2021, and the second on March 30.  *See* Doc. 491-1.  According to the CDC, "COVID-19 vaccines are safe and effective at preventing COVID-19, including severe illness and death[.]"  CDC, COVID-19, *When You've Been Fully Vaccinated*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last visited Nov. 2, 2021); *see United States v. Upshaw*, No. 1:14-CR-00256-NONE, 2021 WL 2417012, at *1 (E.D. Cal. June 14, 2021) (explaining that "authorized vaccines in the [United States] . . . 'are highly effective at protecting vaccinated people against symptomatic and severe COVID-19'") (citation omitted).  Because Defendant's vaccination mitigates her risk of becoming severely ill from COVID-19, any threat of contracting COVID-19 does not present an extraordinary and compelling reason to grant compassionate release.  *See Lemons*, 2021 WL 4699249, at *3 ("[E]ven recognizing the purported seriousness of his

[hypothyroidism] condition, the fact remains that . . . the COVID-19 vaccine is available to him in prison. . . .  And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced.").

Indeed, "[m]any courts have found that a vaccinated prisoner's risk of contracting COVID-19 does not rise to the level of an extraordinary and compelling reason, even in the presence of underlying health conditions."  *United States v. Hayes*, No. 4:17-CR-00289-DCN, 2021 WL 2533517, at *3 (D. Idaho June 21, 2021) (citing cases); *see United States v. Cortez*, No. CR-18-00858-01-PHX-SPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) ("The Court cannot conclude, particularly in light of his vaccination, that Defendant's current exposure to COVID-19 presents 'extraordinary and compelling reasons' to justify his release."); *United States v. Bongiorni*, No. CR16-109RSL, 2021 WL 2413348, at *4 (W.D. Wash. June 14, 2021) ("Courts in this circuit have found that a defendant's receipt of the COVID-19 vaccine weighs against granting compassionate release") (citations omitted); *United States v. Hite*, No. 3:10-CR-51 JD, 2021 WL 2525767, at *3 (N.D. Ind. June 21, 2021) ("An overwhelming amount of district courts across the country have held that being fully vaccinated drastically reduces the risk of becoming severely ill and therefore denied compassionate release.") (citing cases).

## B.    Section 3553(a) Factors.

The Court also must consider whether the applicable § 3553(a) factors permit Defendant's early release.  18 U.S.C. § 3582(c)(1)(A); *see United States v. Soza-Soto*, No. 19-CR-684-GPC, 2020 WL 7260663, at *3 (S.D. Cal. Dec. 10, 2020) ("Before determining if release is warranted, the Court must also take into account . . . the Section 3353(a) sentencing factors."); *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (the court must "particularly [consider] whether compassionate release would undermine the goals of the original sentence").   The § 3553(a) "factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges

1    established by the Sentencing Guidelines; relevant policy statements issued by the

2    Sentencing Commission; the need to avoid unwarranted sentencing disparities among

3    similarly situated defendants; and the need to provide restitution[.]"   *United States v.*

4    *Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

5              Defendant is not, as she claims, a "non-violent drug offender."  Doc. 483 at 1.  She

6    engaged in the very serious criminal conduct of conspiring to participate in racketeering

7    activities, including robbery, kidnapping, murder, and arson.  Doc. 436 at 6.  She was a

8    member of the violent Red Skin Kingz ("RSK") street gang, which terrorized the rural

9    town of Lukachukai, Arizona for many years.  *Id.* at 7.  Much of RSK's criminal activities

10   were focused around Defendant's residence and steamed corn business in Lukachukai.  *Id.*

11   at 8.  Defendant and other members of RSK sold methamphetamine in several towns on

12   the Navajo Nation reservation.  *Id.* at 9-10.  On multiple occasions, RSK members

13   threatened or beat individuals for failing to pay drug debts owed to Defendant.  *Id.* at 10.

14   In November 2014, Defendant and other RSK members beat victim J.H. with brass

15   knuckles, resulting in a fractured jaw and facial injuries, because J.H. owed Defendant

16   money for prior drug purchases.  *Id.*; *see also* Doc. 424 at 6-11 (presentence report

17   describing offense conduct).

18             Defendant's rehabilitative efforts while in prison are commendable, and she clearly

19   has the support of her husband and other relatives.  *See* Doc. 483 at 5-6, 12-14.  But

20   releasing her from prison when she has served only half of her ten-year sentence would not

21   reflect the seriousness of her offense, promote respect for the law, provide just punishment

22   for her serious offense, or afford adequate deterrence to criminal conduct.  The Court finds

23   that the § 3553(a) factors do not weigh in favor of compassionate release or a sentence

24   reduction.  *See United States v. Loera*, No. 15-CR-00285-LHK-9, 2020 WL 7872635, at *5

25   (N.D. Cal. Dec. 31, 2020) (finding that the § 3553(a) factors weighed against early release

26   where the defendant pled guilty to a violent RICO offense and had served only five years

27   of his twelve-year sentence); *United States v. Villareal-Heredia*, No. 10cr3044 WQH, 2020

28   WL 5877876, at *3 (S.D. Cal. Oct. 2, 2020) (same where the defendant had pled guilty to

RICO conspiracy and narcotics distribution); *United States v. Sarabia-Ramirez*, No. 1:14-cr-00226-DAD-BAM-3, 2021 WL 5054414, at *9 (E.D. Cal. Nov. 1, 2021) ("[A]lthough defendant points to her completion of BOP programming and her lack of disciplinary record to demonstrate that she has been rehabilitated, rehabilitation alone is not enough alone to warrant compassionate release.").[2]

## IV.   Conclusion.

Defendant has not shown extraordinary and compelling reasons for compassionate release or a sentence reduction.  Her motion will be denied.[3]

**IT IS ORDERED** that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582 (Doc. 483) is **denied**.

Dated this 5th day of November, 2021.

David G. Campbell
Senior United States District Judge

---

[2] Because the Court finds that the § 3553(a) factors do not weigh in favor of early release, the Court need not address the government's argument that Defendant remains a danger to the community.  *See* Doc. 487 at 10; *Aruda*, 993 F.3d at 799 (noting that a "dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i)").

[3] Defendant's alternative request that the Court order her to serve the remainder of her sentence on home confinement (Doc. 483 at 9) is denied because the "[BOP] has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Gago*, No. 1:16-cr-00123-DAD-BAM-3, 2021 WL 2550864, at *8 n.8 (E.D. Cal. June 22, 2021) (citation omitted); *see also United States v. Becerra*, No. 1:18-CR-00080-DAD-BAM, 2021 WL 535432, at *9 (E.D. Cal. Feb. 12, 2021) ("[T]he CARES Act authorizes the BOP – not courts – to expand the use of home confinement under 18 U.S.C. § 3624(c)(2).") (citations and quotation marks omitted).